By the Court, Bronson, J.
Upon taxing costs where the judgment is on a bond or instrument having a penalty, an affidavit of the plaintiff or his attorney must be produced, specifying the amount due by the condition thereof. (2 R. S. 653, § *499 6; id. p. 618, § 30.) If the affidavit presented to the taxing officer in this case was defective, or if there was an error in not filing it, that would not he a sufficient ground for setting aside the judgment; but only a ground for ordering a re-taxation of costs.
On entering judgment by confession, where no action is pending, the authority of the attorney must be produced to the officer signing the judgment, and filed with the clerk of the court at the time of the filing and docketing of such judgment. (2 R. S. 360, § 9.) The warrant of attorney was before the clerk at the time he signed the judgment; and having at a previous period been filed with the clerk and still remaining in his custody, it was in effect filed at the time this judgment was docketed. It was left, and still remains among the records of the court for the inspection of any one who may feel an interest in the matter. All has been done which the statute was designed to accomplish, and this objection cannot prevail.
Within a year and a day from the date of the warrant of attorney, judgment may be entered without obtaining any order for that purpose; but after that period has elapsed, there must be an order. Within ten years from the date of the warrant the order may be made either by the court or a judge at chambers. After ten years it can only be made by the court; and after twenty years it will not be made unless notice has been given of the motion. I am inclined to the opinion that there should be notice after ten years; but that point need not now be considered. Whenever an order is necessary—and it is necessary in all cases after the lapse of a year and a day—there must be Qan affidavit proving the due execution of the warrant of attorney, that the debt or some part of it is still due, and that the parties are alive. (Lushington v. Waller, 1 H. Black. 94; Anon., 6 Mod. 212; Oades v. Woodward, 7 id. 93; 3 Salk. 322, pl. 10; - v. Hobson, 1 Chit. Rep. 314, and note; 1 Tidd, 599 and 492 note, Phila. ed. of 1828; Grah. Pr. 774.) This warrant of attorney was more than two years old at the time the judgment was entered, and there was neither any such affidavit as has been mentioned, nor was- there any *500 order of the court or a judge giving leave to enter the judgment The proceeding was irregular, and the judgment must he set aside.
This is enough to dispose of the motion; hut if we do not pass upon the broader question which has been twice made between the parties, (see 3 Hill, 461,) we shall have them here again.
The authority to confess a judgment without process must be clear and explicit, and must be strictly pursued. If the parties to this warrant of attorney intended to authorize a judgment in any other state than Pennsylvania, which is very questionable, I think they did not intend that a judgment should be entered in this state. Both the bond and the warrant describe two of the obligors as residents of the state of Pennsylvania, and the third as a resident of New-Jersey. The warrant is addressed " to John D. Smith, Esq,, attorney of the court of common pleas at Philadelphia, in the county of Philadelphia, in the state of Pennsylvania, or to any other attorney of the said court or of any other court there or elsewhere, or to any prothonotary of any of the said courts.” The only thing which can carry the power beyond the courts “at Philadelphia” is the word “ elsewhere;” and although if the parties had stopped there the authority might have extended to our courts, the scope of the word “ elsewhere” is restricted by the words which immediately-follow it—“ of to any prothonotary of any of the said courts.” This shows that the parties were speaking of such courts as had an officer called a prothonotary,” and such courts only. The Pennsylvania courts have an officer of that name, but we have not. How it may be in New-Jersey, where one of the obligors resides, I am unable to say. We think the warrant does not authorize the confession of a judgment in this state.
Although the bond is joint and several, I am strongly inclined to the opinion that the warrant will only authorize a joint judgment against all the obligors. The power is, “ to appear for us and each of us” in an action of debt “to be brought against tis and each of us,” and to confess judgment “ against us and each of us.” If the parties intended to authorize a several judgment against each obligor, they have been unfortunate in *501 the choice of language to express their meaning. (See Gee v. Lane, 15 East, 592; Raw v. Anderson, 7 Taunt. 453.) But the last point which we have decided renders it unnecessary to dispose of this question.
Motion granted.